# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| vs. | § § | Civil Action No. 5:05-CV-157-DF |
| ABBOTT LABORATORIES, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § | |

## RETRACTABLE TECHNOLOGIES, INC.'S OBJECTIONS AND RESPONSES TO ABBOTT LABORATORIES, INC.'S FOURTH REQUEST FOR PRODUCTION

TO: Defendant Abbott Laboratories, by and through its attorneys of record, Lance Lee, Young, Pickett & Lee, 4122 Texas Boulevard, P.O. Box 1897, Texarkana, Texas 75503; and Paul F. Strain and John A. McCauley, Venable LLP, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Retractable Technologies, Inc. ("Retractable") serves these Objections and Responses to Abbott Laboratories, Inc.'s ("Abbott") Fourth Request for Production.

Date: February 19, 2010

Respectfully submitted,

/s/ Abigail B. Moore

George E. Bowles
  Texas Bar No. 02743300
Paul F. Schuster
  Texas Bar No. 00784931
Abigail B. Moore
  Texas Bar No. 24037133
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
E-mail: abmoore@lockelord.com

G. William Lavender
  Texas Bar. No. 11999590
Lavender Law
210 N. State Line Ave., Suite 503
Texarkana, Arkansas 71854
Telephone: (870) 773-3187
Facsimile: (870) 773-3181
E-mail: blav@lavenderlaw.com

Otis W. Carroll, Jr.
  Texas Bar. No. 03895700
Deborah J. Race
  Texas Bar. No. 16448700
Ireland Carroll & Kelly, P.C.
6101 S. Broadway Ave., Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: otiscarroll@icklaw.com

**ATTORNEYS FOR RETRACTABLE TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2010, a true and correct copy of the foregoing document was served via email and first class mail on the following counsel of record:

| Lance Lee<br>Young, Pickett & Lee<br>4122 Texas Boulevard<br>P.O. Box 1897<br>Texarkana, Texas 75503<br>(903) 792-5098 (facsimile) | Paul F. Strain<br>John A. McCauley<br>Venable LLP<br>1800 Mercantile Bank & Trust Building<br>2 Hopkins Plaza<br>Baltimore, Maryland 21201<br>(410) 244-7400 (facsimile) |
|---|---|

/s/ Abigail B. Moore
Abigail B. Moore

## GENERAL OBJECTIONS

1. Retractable objects to each Request to the extent the Request seeks documents created after June 30, 2005, the cut-off date previously agreed to by the parties. Subject to this objection, Retractable will produce documents created up through June 30, 2005.

2. Retractable objects to each Instruction, Definition, and Request in which Abbott seeks to impose duties and obligations on Retractable that exceed those required by the Federal Rules of Civil Procedure. Retractable will comply with the Federal Rules of Civil Procedure with regard to its duties and obligations in responding to the Requests, supplementation, claiming privilege, or protecting trial-preparation materials.

3. Retractable objects to the "Instructions" to the extent they require Retractable to disclose information protected by the attorney-client and/or work product privilege. Subject to that objection, Retractable will disclose any non-privileged and relevant information in response to these Requests.

4. Retractable objects to the "Instructions" to the extent that they require Retractable to interpret vague, ambiguous, and overbroad Requests in a manner inconsistent with the plain meaning of the Requests. Retractable will give the terms in the Requests their ordinary meanings, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses. This objection applies to but is not limited to Instruction 7.

5. Retractable objects to the definition of "Documents" in the "Definitions." Retractable will define the scope of this term consistent with the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Eastern District of Texas.

6. Retractable objects to the definition of "communication" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Requests its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses.

7. Retractable objects to the definition of "concerning" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Requests its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses.

8. Retractable objects to the definition of "identify," "identification," or "identity" in the "Definitions" as overly broad and unduly burdensome. Retractable will give this term in the Requests its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses.

9. Retractable objects to the definition of "person" in the "Definitions" as overly broad and unduly burdensome. Retractable will give this term in the Requests its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses.

10. Retractable objects to the definition of "affiliate" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Requests its

ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Responses.

11. Retractable objects to the definition of "Abbott" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome in including "any affiliate thereof." Retractable will construe "Abbott" to mean Abbott Laboratories (and Hospira, where appropriate).

12. Retractable objects to the definitions of "you," and "your" on the grounds that they are vague, ambiguous, overly broad and unduly burdensome in what constitutes an "affiliate" of Retractable. Retractable objects to this definition to the extent it includes information protected by attorney-client and/or work product privileges. Retractable will construe "you" and "your" to refer to Retractable Technologies, Inc.

13. Retractable objects to the definition of "RTI's products" on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this definition to the extent it includes products irrelevant to the claims in this case. Retractable will construe "RTI's products" to include only those products covered by the May 2, 2000 National Marketing and Distribution Agreement.

14. Retractable reserves the right to modify or supplement these responses based upon any information it may discover or information omitted from the Responses herein as a result of any oversight. Retractable further reserves the right to use and to rely upon at trial subsequently discovered information omitted from these Responses as a result of any oversight.

15. In responding to these Requests, Retractable does not concede that the information requested is relevant to this litigation or reasonably calculated to lead to the discovery of admissible evidence. Any response, in whole or in part, to any Request is not intended to be, and should not be construed as, a waiver of all or any part of any objection to any Request. Retractable reserves all objections to admissibility, including, without limitation, objections of relevance and materiality. In addition, Retractable expressly reserves both the right to object to further discovery and to the subject matter of these Requests.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents concerning contracts or distribution agreements between RTI and distributors of RTI's products from January 1, 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. In addition, Retractable objects to this Request because it is duplicative of earlier requests. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to

these objections, Retractable has produced or will produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 2:** All documents concerning prices at which RTI's products were sold or offered for sale to customers in the Hospital Market from January 1, 1997, through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "offered" is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because it is duplicative of earlier requests. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced its sales data as well as communications with Abbott on pricing issues.

**REQUEST NO. 3:** All sales tracing reports generated or submitted to RTI by distributors of RTI's products from January 1, 1997.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "sales tracing reports," "generated," and "submitted" are vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it is duplicative of earlier requests. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced its sales data in electronic format, which includes the tracking information related to distributors.

**REQUEST NO. 4:** All documents concerning rebates or chargebacks paid or processed by RTI from January 1, 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "processed" is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because it is duplicative of earlier requests. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced its sales data in electronic format, which includes the tracking information related to distributors.

**REQUEST NO. 5:**   All documents concerning communications between RTI and Abbott, prior to execution of the Distribution Agreement, referring or relating to prices at which RTI's products were sold in the Hospital Market.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because Abbott should already have any communications between RTI and Abbott on this subject. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Subject to these objections, Retractable has already produced its communications with Abbott prior to the execution of the NMDA.

**REQUEST NO. 6:**   All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more RTI's products on a Group Purchasing Order ("GPO") contract with Premier, Inc. ("Premier"), or any of Premier's predecessors.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Premier.

**REQUEST NO. 7:**   All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with Novation, LLC ("Novation"), or any of Novation's predecessors, including but not limited to VHA Inc.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Novation and its predecessors.

**REQUEST NO. 8:**   All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with Amerisource Bergen, or any of Amerisource Bergen's predecessors.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Amerisource Bergen and its predecessors.

**REQUEST NO. 9:**   All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with Consorta, Inc. ("Consorta"), or any of Consorta's predecessors.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Consorta and its predecessors.

**REQUEST NO. 10:**   All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with Columbia/HCA, or any of Columbia/HCA's predecessors.

**RESPONSE:**   Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Columbia/HCA and its predecessors.

**REQUEST NO. 11:** All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with Amerinet, Inc., or any of Amerinet's predecessors.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about Amerinet and its predecessors.

**REQUEST NO. 12:** All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI's products on a GPO contract with MedAssets, Inc. ("MedAssets"), or any of MedAssets' predecessors, including but not limited to HSCA and InSource Health Services.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about MedAssets and its predecessors.

**REQUEST NO. 13:** All documents concerning applications, bids, or proposals submitted by or on behalf of RTI to include one or more of RTI' s products on a GPO contract with Managed Healthcare Associations ("MHA"), or any of MHA's predecessors, including but not limited to MedEcon.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997

through June 30, 2005. Subject to these objections, Retractable has already produced its communications with Abbott about MHA and its predecessors.

**REQUEST NO. 14:** All documents concerning agreements, contracts, commitments, or offers referring or relating to pricing agreements for one or more of RTI's products, made with or proposed to any person in the Hospital Market from January 1, 1997, through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "agreements," "commitments," "offers," and "referring or relating to" are vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request to the extent Abbott already has the requested information. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Furthermore, the unlimited time period is overly broad and unduly burdensome. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced its sales data, documents concerning its distributors, and its communications with Abbott on such issues.

**REQUEST NO. 15:** All documents concerning meetings of RTI's Board of Directors from January 1, 1997 through December 31, 2008, including but not limited to notices or announcements, minutes, agendas, attendance records, and resolutions or actions taken at any such meeting.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that this Request includes proprietary and trade secret information. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005.

**REQUEST NO. 16:** All documents concerning sales forecasts or projections for the sale of one or more of RTI's products made by or on behalf of RTI from January 1, 1997, through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request to the extent the information requested may be easily obtained from another source. Retractable objects that the requested information is not in Retractable's

possession, custody, or control. Retractable objects to this Request because it is duplicative of earlier requests. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced its sales forecasts or projections.

**REQUEST NO. 17:** All documents concerning production forecasts or projections for the production or cost of production of one or more RTI's products made by or on behalf of RTI from January 1, 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because it is duplicative of earlier requests. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced production forecasts and models that include cost of production information.

**REQUEST NO. 18:** All documents concerning communications between RTI and Abbott at any time referring or relating to sales or production forecasts made by or on behalf of RTI from January 1, 1997, through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because Abbott should already have this information. Retractable objects to this Request because it is duplicative of earlier requests. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced communications with Abbott about sales or production forecasts.

**REQUEST NO. 19:** All documents concerning RTI's production capacity, using its own facilities or those of third parties, for any of RTI's products from January 1, 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced documents that discuss production capacity and provided deposition testimony on the issue.

**REQUEST NO. 20:** All documents concerning any efforts by Becton-Dickinson, alone or in combination with others, to limit, reduce, prevent, or otherwise interfere with sales of RTI's products to the Hospital Market during the period from May 2, 2000, through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced the deposition transcripts and exhibits it has been able to find of the Retractable employees from the 2001 litigation against Becton-Dickinson.

**REQUEST NO. 21:** All documents concerning communications between RTI and Abbott concerning any pending or contemplated lawsuit by RTI against Becton-Dickinson, Tyco, Novation or Premier from January 1, 1997 through May 31, 2000.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "contemplated" is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because Abbott already has this information. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Subject to these objections, Retractable has produced or will produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 22:** All documents concerning RTI's expenditures of time or funds related to the inclusion of one or more of RTI's products in Abbott's anesthesia trays.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "expenditures" and "related to" are vague, ambiguous, overly broad and unduly burdensome. Furthermore, the time period for documents requested is unlimited and therefore overly broad and unduly burdensome. Retractable objects to this Request because it is duplicative of earlier requests. Retractable will interpret the relevant time period as January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 23:** All documents concerning when and how RTI learned about Abbott's sale of its anesthesia tray business, including but not limited to any documents that alerted RTI to the sale or pending sale of the anesthesia tray business.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "alerted" and "pending" are vague, ambiguous, overly broad and unduly burdensome. Subject to these objections, Retractable has already produced relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 24:** All documents concerning the preparation of and data supporting the three-year forecast contained in Steve Wisner's letter to Gary Smith dated January 7, 2000.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "preparation" and "data supporting" are vague, ambiguous, overly broad and unduly burdensome. Subject to these objections, Retractable has already produced relevant, non-privileged documents responsive to this Request and has already produced deposition testimony on this issue.

**REQUEST NO. 25:** All documents concerning any contract between RTI and Kaiser Permanente ("Kaiser") for the purchase of one or more of RTI's products, and the reasons for termination or non-renewal of the contract.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Furthermore, the time period for documents requested is unlimited and therefore is overly broad and unduly burdensome. Retractable will interpret the relevant time period to be from January 1, 1997 through June 30, 2005. Subject to these objections, Retractable has already produced communications with Abbott about the relationship with Kaiser.

**REQUEST NO. 26:** All documents concerning communications between Abbott and RTI in 1999, 2000, 2001, or 2002 about the status of RTI's relationship with Kaiser.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request because Abbott already has this information. Retractable objects that the requested information is not in Retractable's possession, custody, or control.

Subject to these objections, Retractable has already produced communications between Retractable and Abbott concerning Kaiser.

**REQUEST NO. 27:** All documents concerning RTI's requests to any employees to surrender, give up, or waive employee benefits, including but not limited to accrued vacation time, in 2001, 2002, or 2003.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "surrender," "requests," "give up," "waive," and "benefits" are vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Further, production of employee files would be an unwarranted invasion of privacy.

**REQUEST NO. 28:** All RTI sales and marketing contact sheets, RTI sales representative conversation logs and notes concerning RTI's sales and marketing of its Products from 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Abbott's, not Retractable's, marketing efforts are at issue in this case. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Retractable has already produced the sales contact information that it has been able to locate.

**REQUEST NO. 29:** All RTI sales and marketing contact sheets, RTI sales representative conversation logs and notes concerning Abbott's sales and marketing of RTI's Products.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Abbott's, not Retractable's, marketing efforts are at issue in this case. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has already produced the sales contact information concerning Abbott that it has been able to locate.

**REQUEST NO. 30:** All documents concerning the August 17, 1998 letter from Senator John McCain to Andrew Fois, Assistant Attorney General, including the letter itself and all subsequent correspondence referencing or discussing the August 17, 1998 letter.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control.

**REQUEST NO. 31:** The August 8, 1998 article in The Arizona Republic newspaper referenced in Victoria Shaw's Notes at RT1060843.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request to the extent the information is in the public domain and is thus equally available to Abbott. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:** The October 16, 1998 article in The Arizona Daily Star newspaper titled "Thousands may not know they've got hepatitis C," referenced in Victoria Shaw's Notes at RT1060844.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request to the extent the information is in the public domain and is thus equally available to Abbott. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 33:** All documents concerning any interview of Thomas Shaw by any journal, magazine, or newspaper from 1997 through December 31, 2008, including any transcripts of such interviews.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "interview" is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects to this Request to the extent the information requested may be easily obtained from another source. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005.