# Exhibit E



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| vs. | § § | Civil Action No. 5:05-CV-157-DF |
| ABBOTT LABORATORIES, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § | |

### RETRACTABLE TECHNOLOGIES, INC.'S OBJECTIONS AND RESPONSE TO ABBOTT LABORATORIES, INC.'S FIFTH REQUEST FOR PRODUCTION

TO: Defendant Abbott Laboratories, by and through its attorneys of record, Lance Lee, Young, Pickett & Lee, 4122 Texas Boulevard, P.O. Box 1897, Texarkana, Texas 75503; and Paul F. Strain and John A. McCauley, Venable LLP, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Retractable Technologies, Inc. ("Retractable") serves these Objections and Response to Abbott Laboratories, Inc.'s ("Abbott") Fifth Request for Production.

Date: February 26, 2010

Respectfully submitted,

*[signature]*

George E. Bowles
  Texas Bar No. 02743300
Paul F. Schuster
  Texas Bar No. 00784931
Abigail B. Moore
  Texas Bar No. 24037133
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
E-mail: abmoore@lockelord.com

G. William Lavender
 Texas Bar. No. 11999590
Lavender Law
210 N. State Line Ave., Suite 503
Texarkana, Arkansas 71854
Telephone: (870) 773-3187
Facsimile: (870) 773-3181
E-mail: blav@lavenderlaw.com

Otis W. Carroll, Jr.
 Texas Bar. No. 03895700
Deborah J. Race
 Texas Bar. No. 16448700
Ireland Carroll & Kelly, P.C.
6101 S. Broadway Ave., Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: otiscarroll@icklaw.com

**ATTORNEYS FOR RETRACTABLE TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2010, a true and correct copy of the foregoing document was served via email and first class mail on the following counsel of record:

| Lance Lee<br>Young, Pickett & Lee<br>4122 Texas Boulevard<br>P.O. Box 1897<br>Texarkana, Texas 75503<br>(903) 792-5098 (facsimile) | Paul F. Strain<br>John A. McCauley<br>Venable LLP<br>1800 Mercantile Bank & Trust Building<br>2 Hopkins Plaza<br>Baltimore, Maryland 21201<br>(410) 244-7400 (facsimile) |
|---|---|

Abigail B. Moore

RETRACTABLE TECHNOLOGIES, INC.'S OBJECTIONS AND RESPONSE TO ABBOTT LABORATORIES, INC.'S FIFTH REQUEST FOR PRODUCTION
DAL:0575329/82321:1917134v1

Page 2

## GENERAL OBJECTIONS

1. Retractable objects to each Instruction, Definition, and Request in which Abbott seeks to impose duties and obligations on Retractable that exceed those required by the Federal Rules of Civil Procedure. Retractable will comply with the Federal Rules of Civil Procedure with regard to its duties and obligations in responding to the Request, supplementation, claiming privilege, or protecting trial-preparation materials.

2. Retractable objects to the "Instructions" to the extent they require Retractable to disclose information protected by the attorney-client and/or work product privilege. Subject to that objection, Retractable will disclose any non-privileged and relevant information in response to this Request.

3. Retractable objects to the "Instructions" to the extent that they require Retractable to interpret any vague, ambiguous, and overbroad Request in a manner inconsistent with the plain meaning of the Request. Retractable will give the terms in the Request their ordinary meanings, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response. This objection applies to but is not limited to Instruction 7.

4. Retractable objects to the definition of "Documents" in the "Definitions." Retractable will define the scope of this term consistent with the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Eastern District of Texas.

5. Retractable objects to the definition of "communication" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Request its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response.

6. Retractable objects to the definition of "concerning" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Request its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response.

7. Retractable objects to the definition of "identify," "identification," or "identity" in the "Definitions" as overly broad and unduly burdensome. Retractable will give this term in the Request its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response.

8. Retractable objects to the definition of "person" in the "Definitions" as overly broad and unduly burdensome. Retractable will give this term in the Request its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response.

9. Retractable objects to the definition of "affiliate" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome. Retractable will give this term in the Request its ordinary meaning, and will comply with the Federal Rules of Civil Procedure with regard to its Objections and Response.

10. Retractable objects to the definition of "Abbott" in the "Definitions" as vague, ambiguous, overly broad and unduly burdensome in including "any affiliate thereof." Retractable will construe "Abbott" to mean Abbott Laboratories (and Hospira, where appropriate).

11. Retractable objects to the definitions of "you," and "your" on the grounds that they are vague, ambiguous, overly broad and unduly burdensome in what constitutes an "affiliate" of Retractable. Retractable objects to this definition to the extent it includes information protected by attorney-client and/or work product privileges. Retractable will construe "you" and "your" to refer to Retractable Technologies, Inc.

12. Retractable objects to the definition of "RTI's products" on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this definition to the extent it includes products irrelevant to the claims in this case. Retractable will construe "RTI's products" to include only those products covered by the May 2, 2000 National Marketing and Distribution Agreement.

13. Retractable reserves the right to modify or supplement this response based upon any information it may discover or information omitted from the response herein as a result of any oversight. Retractable further reserves the right to use and to rely upon at trial subsequently discovered information omitted from this response as a result of any oversight.

14. In responding to this Request, Retractable does not concede that the information requested is relevant to this litigation or reasonably calculated to lead to the discovery of admissible evidence. Any response, in whole or in part, to the Request is not intended to be, and should not be construed as, a waiver of all or any part of any objection to the Request. Retractable reserves all objections to admissibility, including, without limitation, objections of relevance and materiality. In addition, Retractable expressly reserves both the right to object to further discovery and to the subject matter of this Request.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST NO. 1:** All documents concerning marketing plans and business plans for RTI's Products, including all marketing plans and business plans prepared by RTI or on RTI's behalf, from January 1, 1997 through December 31, 2008.

**RESPONSE:** Subject to and without waiving its aforementioned General Objections, Retractable objects to this Request because "marketing plans" and "business plans" are vague, ambiguous, overly broad and unduly burdensome. Retractable objects to this Request because it seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Retractable objects that the requested information is not in Retractable's possession, custody, or control. Retractable objects to this Request because it includes information protected by the work product or attorney-client privilege. Furthermore, the time period for documents requested is overly broad and unduly burdensome because it extends beyond June 30, 2005. Subject to these objections, Retractable has produced its annual business plans for 1999-2005.