UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., | § § § § § § § § § § § | |
| Plaintiff and Counter-Defendant, | | |
| vs. | | Civil Action No. 5:05-CV-157-DF |
| | | JURY |
| ABBOTT LABORATORIES, INC., | | |
| Defendant and Counter-Plaintiff. | | |

## ORDER GRANTING ABBOTT'S MOTION TO COMPEL DISCOVERY RESPONSES BY RETRACTABLE TECHNOLOGIES, INC.

This Court, having considered Defendant and Counter-Plaintiff Abbott Laboratories' ("Abbott") Motion to Compel Discovery Responses by Retractable Technologies, Inc. ("Retractable") and any response thereto and the arguments of counsel, and being fully advised, it is hereby ORDERED that Abbott's Motion is GRANTED and in its entirety.

Specifically, IT IS ORDERED, ADJUDGED, and DECREED as follows:

1.    Retractable shall produce documents responsive to Abbott's Fourth and Fifth Requests for Production for the time period from January 1, 1997 through December 31, 2008.

2.    Retractable shall produce all documents pertaining to Retractable's pricing of its VanishPoint products before, during and after the NMDA, including internal communications as well as communications with others on prices at which Retractable's products were sold or offered for sale in the hospital market, documents concerning rebates or chargebacks paid or processed by Retractable, including documentation of any

agreements, negotiations or discrepancies regarding the same, and communications with GPO's and hospitals regarding any and all pricing agreements that Retractable offered, in response to Abbott's Fourth Request for Production Nos. 2, 3, 4, and 14.

3. Retractable shall produce all sales tracing reports generated or submitted to Retractable by distributors from 1997 through 2008, in response to Abbott's Fourth Request for Production No. 3.

4. Retractable shall produce all documents concerning applications, bids, or proposals submitted by or on behalf of Retractable to include Retractable's products on a GPO contract with Premier, Novation, Amerisource Bergen, Consorta, Columbia/HCA, Amerinet, MedAssets, Inc., or Managed Healthcare Associations, in response to Abbott's Fourth Request for Production Nos. 6-13.

5. Retractable shall produce documents concerning meetings of Retractable's Board of Directors from January 1, 1997 through December 31, 2008, including notices or announcements, minutes, agendas, attendance records, and resolution or actions taken at any such meeting, in response to Abbott's Fourth Request for Production No. 15.

6. Retractable shall produce all documents concerning efforts by BD, alone or in combination with others, to limit, reduce, prevent or otherwise interfere with sales of Retractable's products to the Hospital Market during the period from May 2, 2000 through December 31, 2008, in response to Abbott's Fourth Request for Production No. 20.

7. Retractable shall produce all documents concerning and relating to the contract between Retractable and Kaiser Permanente for Retractable's products, in response to Abbott's Fourth Request for Production No. 25.

8. Retractable shall produce all documents related to Retractable's marketing and business plans for Retractable's products from 1997 through 2008, and shall produce all Retractable sales and marketing contact sheets, logs and notes, in response to Abbott's Fourth Request for Production of Documents Nos. 28 and 29, and in response to Abbott's Fifth Request for Production of Documents No. 1.

9. Retractable shall produce all documents concerning any interview of Thomas Saw from 1997 through 2008, in response to Abbott's Fourth Request for Production of Documents No. 33.

10. Retractable shall produce all documents concerning Retractable's requests to any employees to surrender, give up, or waive employee benefits, including but not limited to accrued vacation time, in 2001, 2002, or 2003, in response to Abbott's Fourth Request for Production of Documents No. 27.

11. Retractable shall produce the following categories of documents referenced by Retractable's expert and that relate to his calculation of damages:

    a. Documents regarding how the "applied overhead" values in the "2000 absorption calculation.xls, 2001 absorption calculation.xls, and 2009 Q3 Absorption.xls" spreadsheets were calculated, and the underlying cost data (components) used to calculate those values.

    b. Documents regarding how the overhead costs in the COGS history Locke.xls spreadsheet (produced as RTI187697-719) were calculated, and the underlying cost data (components) used to calculate those overhead costs.

    c. Documents providing a detailed breakdown of cost of sales in Retractable's annual statements for 2002-2008,

-4-

    d. Documents which set out the basis of the overhead calculation used by the expert to justify his damages calculation;

    e. Documents which constitute or bear upon the principles governing the experts allocation of costs to overhead (no allocation policies, guidance documents, standards or the like); and

    f. Documents which set out the composition of the "Cost of Sales" figure in the Annual Reports from which Retractable's expert deducted the "fixed costs" to arrive at his cost of production figures, which are an integral part of his damages calculation.

  12. Retractable shall produce its privilege log within ten (10) days of this Order, including all redactions made on the basis of privilege, and any objections or challenges to such log must be asserted within fourteen (14) days of the production of the log.

  SO ORDERED.