IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:05-CV-157 |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES, INC. | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Discovery Responses by Abbott. Dkt. No. 106. Also before the Court are Defendant's Response, Plaintiff's Reply, and Defendant's Sur-reply. Dkt. Nos. 116, 129, and 138, respectively. Having considered all relevant papers and pleadings, the Court finds that Plaintiff's motion should be **granted-in-part and denied-in-part.**

**I. BACKGROUND**

Plaintiff Retractable Technologies, Inc. ("RTI") filed this suit on August 12, 2005, Dkt. No. 1, alleging that Defendant Abbott Laboratories, Inc. ("Abbott") breached a contract it entered into with RTI, the National Marketing and Distribution Agreement ("NMDA"). In particular, RTI alleges that Abbott failed to market RTI's products with efforts "at least commensurate with those used to market and distribute its own products of similar nature and comparable market potential." RTI also alleges fraud on the part of Abbott. This case is on the Court's July 2010 trial docket. RTI initially moved to compel discovery on several subjects. On the same day that RTI filed its motion, Abbott produced additional documents and witnesses that addressed all but four issues presented in RTI's motion. Dkt. No. 129 at 1. RTI still moves to compel: 1) a

response to RTI's Interrogatory No. 2 identifying Abbott's position on which products are covered by the "products of similar nature and comparable market potential" language of the NMDA; 2) product complaints regarding other Needlestick Prevention Systems ("NPS") products; 3) a complete production of documents concerning Abbott's efforts to replace RTI; and 4) certain missing documents, including Abbott's document retention policy and privilege log. *Id*.

## II. PARTIES' POSITIONS AND DISCUSSION

### A. Abbott's Position on What Constitutes "Comparable Products"

In the NMDA entered into by RTI and Abbott, Abbott agreed that its efforts to market and distribute RTI's products "shall be at least commensurate with those used to market and distribute its own products of similar nature and comparable market potential." Dkt. No. 106 at 3. RTI contends that it asked Abbott in its Interrogatory No. 2 to identify all products manufactured, marketed, or distributed by Abbott that it believed or believes were or are of "similar nature and comparable market potential" to RTI's products. *Id.* According to RTI, Abbott objected claiming that RTI bears the burden of identifying the relevant products. *Id*. RTI adds that Abbott has refused to state which products it considers to be in this category while it produced expert reports arguing that certain products are not in this category. *Id*. at 4. RTI requests that Abbott be ordered to state now what products it considers to be of similar nature to RTI's products and of a comparable market potential. *Id.* In the alternative, should Abbott refuse to identify such products, RTI asks that Abbott be precluded from presenting evidence or argument at trial that any products are not in this category. *Id.*

Abbott responds that it has "produced documents regarding various products . . . that were part of Abbott's Needlestick Prevention System product line, and produced a witness with

knowledge of the parties' negotiation of the NMDA, including the negotiation of this provision." Dkt. No. 116 at 3.  Abbott argues that it is RTI's burden to establish the breach of contract, which includes establishing that there were Abbott products "of similar nature and comparable market potential."  *Id*. at 4.  According to Abbott, "[i]f RTI cannot establish the existence of such products, it will not be able to prove its claim."  *Id.*

In reply, RTI argues that Abbott has refused to answer the interrogatory asking for its position on this issue and that Abbott's witnesses have given inconsistent answers on the topic. Dkt. No. 129 at 2.  RTI adds that Abbott's hiding the ball is "gamesmanship."  *Id.*

Abbott states in its sur-reply that it has agreed to provide a supplemental response on this interrogatory concerning Abbott's products of similar nature and comparable market potential to RTI's products.  Dkt. No. 138 at 1.  Thus, Abbott submits, "this issue no longer requires Court intervention."  *Id*.  In light of Abbott's agreement to supplement its response, this portion of RTI's Motion is **denied without prejudice.**  RTI may reurge its motion to compel on this topic, if necessary.

### B. Product Complaints Regarding Other Products

An issue in the present case relates to alleged defects in RTI's products.  Abbott maintains that concerns over RTI's products' performance and failure significantly hindered Abbott's efforts under the NMDA.  Abbott also asserts counterclaims for alleged breaches of warranty based on these alleged defects.  RTI moves to compel production of complaints about other products Abbott sold.  Dkt. No. 106 at 7.  Alternatively, RTI argues that Abbott should be precluded from using complaints about RTI's products as a defense at trial.  *Id*. at 7.  RTI submits that if defects in RTI's products hindered Abbott's ability to sell those products, then complaints about others' products should have similarly hindered Abbott's efforts to sell those

other products. *Id*. RTI requests that Abbott be ordered to produce documents about defects in other products it marketed and sold that were similar or comparable to RTI's products. *Id*. at 8.

In response, Abbott argues that RTI has not established that it is entitled to discovery of complaints regarding other products that Abbott sold. Dkt. No. 116 at 8. Abbott adds that customers' complaints about other Abbott products are "utterly irrelevant" to the marketing efforts devoted to RTI"s products or any other products. *Id*. "To the extent a comparison of product complaints may be relevant, it would be a comparison of VanishPoint product complaints to complaints lodged against competitive products in the safety syringe market, such as those reported by Becton Dickinson or other competitors," Abbott argues. *Id*.

RTI argues in reply that the requested information is directly relevant to rebutting Abbott's claimed defense. Dkt. No. 129 at 3. According to RTI, Abbott cannot argue that product complaints hindered sales while simultaneously refusing to produce documents relevant to how the same customer base reacted to product problems on other similarly priced NPS products. *Id*. Abbott counters arguing that RTI's rebuttal is "properly focused on product complaints for VanishPoint competitors." Dkt. No. 138 at 1.

RTI's claims in this case are based largely on Abbott's alleged failures to market RTI's products with efforts commensurate to those used to market similar products. Abbott defends in part by arguing that its efforts to market "were significantly hindered by unexpected resistance to the RTI products in the Hospital Market, due primarily to the uncompetitive high prices charged by RTI for its products, ill will engendered by RTI's sales tactics in the Hospital Market, and concerns over product performance/failure issues with RTI's products." Dkt. No. 55 at 10. Abbott also contends that it suffered damages as a result of RTI's breaches of implied and express warranties. Dkt. No. 55 at 14-16. It is undisputed that complaints related to RTI's

products are relevant to the present case; however, Abbott argues that complaints about other Abbott products are irrelevant to the marketing efforts devoted to VanishPoint or any other Abbott products. This Court disagrees. This Court adheres to a policy of liberal discovery. Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claims or defense of any party." Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Local Rule 26(d) provides, in pertinent part, as follows:

> (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claim or defense;
>
> (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and
>
> (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

If Abbott contends that product complaints hindered the marketing efforts of RTI products, then whether similar complaints affected the marketing efforts of similar products is relevant to RTI's rebuttal. Therefore, RTI's motion to compel as to this topic should be **granted as modified.** To the extent it possesses any, Abbott is ordered to produce any complaints that were filed between May 2, 2000 and June 30, 2005 (during the effective period of the NMDA) about other safety syringe products marketed and sold by Abbott or documents related thereto.

### C. Documents Concerning Abbott's Efforts to Replace RTI

RTI requests that Abbott be ordered to produce all documents concerning Abbott's efforts to identify alternative safety syringe sources. Dkt. No. 106 at 9. RTI contends that whether Abbott considered replacing RTI is relevant to RTI's claims of fraud. *Id*. at 10.


Abbott responds that it has already produced a broad array of documents regarding its investigation and evaluation of alternate safety syringe sources. Dkt. No. 116 at 10. Abbott adds that it "believes that after a reasonable search it has produced all documents responsive to RTI's requests." *Id*. at 11.

RTI replies that Abbott has only produced documents up through 2003 and has limited certain categories of information to "documents summarizing Abbott's due diligence review of a safety needle device manufacturer that competes with VanishPoint in the safety syringe or safety blood collection device market." Dkt. No. 129 at 3. RTI adds that "[w]hat Abbott did or said immediately after [RTI] gave notice of termination for breach will likely discuss Abbott's long-standing efforts to replace [RTI]." *Id*. RTI requests all such documents up to June 30, 2005.

In its sur-reply, Abbott maintains that it "has agreed to produce documents regarding its investigation and evaluation of alternate safety syringe sources as replacements for VanishPoint, and such documents have been produced." Dkt. No. 138 at 2. With respect to the documents related to the period after RTI terminated the NMDA, Abbott argues that those documents "are unrelated to the issue in litigation." *Id*. According to Abbott, "[its] actions to find a successor after termination have no bearing on whether Abbott promoted VanishPoint as required under the NMDA." *Id*.

On July 24, 2009, Magistrate Judge Craven issued an order granting-in-part and denying-in-part a previous motion to compel by RTI. Dkt. No. 89. In that order Judge Craven overruled Abbott's objections that documents generated after October 15, 2003, the NMDA termination date, are irrelevant. Specifically, Judge Craven found:

> Additionally, the Court overrules Abbott's objections to producing other relevant post-termination documents, finding documents after the termination of the NMDA are relevant to the claims and

> defenses involved in this lawsuit.  For example, Abbott may have had internal and external communications with others about the termination of the NMDA which, as urged by [RTI], "may reveal more candid assessment of the situation."  In addition, how Abbott treated other Needlestick Prevention Systems products after the termination of the NMDA may also reveal how Abbott marketed those products.

*Id.* at 16-17.  Abbott now objects on similar grounds, that is, its actions to find a successor after termination are irrelevant.  As Judge Craven previously found, this objection lacks merit.  Accordingly, RTI's motion to compel as to this topic should be **granted**.  Abbott is ordered to produce documents related to its evaluation of VanishPoint competitors through June 30, 2005.

### D. Document Retention Policy and Other Documents

RTI requests that Abbott produce its "document retention or destruction policy, protocol, or practice from January 1, 2000 to the present."  Dkt. No. 106 at 10.  Abbott responds that RTI has deposed several witnesses about Abbott's identification and collection of relevant documents.  Dkt. No. 116 at 12.  According to Abbott, this is most efficient and least intrusive way for RTI to inquire into the non-privileged facts related to Abbott's document retention and collection of materials.  *Id.*  Abbott also represents that it first issued a written litigation hold order relating to the present case on August 29, 2005; however, it maintains that the gathering of documents for this litigation, including the litigation hold order, is privileged and exempt from production under the attorney-client privilege.  *Id.*

Both parties cite a Northern District of California case, *In re eBay Seller Antitrust Litigation*, for their respective positions.  *See In re eBay Seller Antitrust Litigation*, No. C 07-01882 JF (RS), 2007 WL 2852364 (N.D. Cal. Oct. 2, 2007).  RTI contends that *In re eBay* stands for the proposition that it is entitled to discovery of categories of preserved information, what actions were taken to preserve information, and the identities of employees who received a

litigation hold notice. Dkt. No. 106.  While this is not incorrect, the *In re eBay* court also found that the defendant, eBay, had made an adequate showing that its document retention policy included material protected under attorney client privilege and the work product doctrine.  *In re eBay*, 2007 WL 2852364 at *2.  Additionally, the court found that "plaintiffs should not inquire specifically into how the [document retention policies] were worded or to how they described the legal issues in this action."  *Id*.  The *In re eBay* court did permit questions related to the facts behind the document retention policy.  *Id*.  The *In re eBay* court's reasoning comports with the issues in the present case.  Here, as there, RTI seeks the policy's precise wording and descriptions of legal issues in this action.  The Court need not decide whether the privilege or work product protection would apply to the actual document retention policy *per se*.  The most prudent course is to allow questioning regarding the facts behind the document retention policy.  It appears that RTI has had ample opportunity to depose Abbott witnesses regarding such facts.  Further, RTI has not sufficiently demonstrated why it is entitled to the document retention policy.  Accordingly, RTI's motion to compel Abbott's document retention policy should be **denied**.

RTI also requests Abbott's privilege log. Dkt. No. 129 at 5.  It appears that neither party has provided a privilege log.  *Id*.  The Court orders that each party shall produce a privilege log to the opposing party within ten (10) days of the date of this order.  The parties shall have fourteen (14) days after that to file objections to the privilege log, if necessary.  The privilege log should also include entries describing redactions in produced documents.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel , Dkt. No. 106, is hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

(1)  RTI's motion as to Abbott's position on what constitutes "comparable products" is

hereby **DENIED WITHOUT PREJUDICE**.  RTI may reurge its motion to compel on this topic, if necessary.

(2) RTI's motion as to complaints regarding other safety syringe products is hereby **GRANTED**.  To the extent it possesses any, Abbott is hereby **ORDERED** to produce by June 4, 2010 at 5:00 p.m. CDT any complaints that were filed between May 2, 2000 and June 30, 2005 about other safety syringe products marketed and sold by Abbott or documents related thereto.

(3) RTI's motion as to documents regarding Abbott's efforts to replace RTI is hereby **GRANTED**.  Abbott is hereby **ORDERED** to produce documents related to its evaluation of VanishPoint competitors through June 30, 2005 by June 4, 2010 at 5:00 p.m. CDT.

(4) RTI's motion as to Abbott's document retention policy is hereby **DENIED.**

(5) Both parties are hereby **ORDERED** to produce a privilege log to the opposing party within ten (10) days of the date of this order.  The parties shall have fourteen (14) days after that to file objections to the privilege log, if necessary.

**IT IS SO ORDERED.**

**SIGNED this 20th day of May, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE