## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **RETRACTABLE TECHNOLOGIES INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 5:05-CV-157** |
| **v.** | § | |
| | § | |
| **ABBOTT LABORATORIES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## O R D E R

Before the Court is Plaintiff's Motion to Compel Interrogatory Responses.  Dkt. No. 113.

Also before the Court are Plaintiff's Response, Defendant's Reply, and Plaintiff's Sur-reply.

Dkt. Nos. 134, 153, and 165, respectively.  Having considered all relevant papers and pleadings,

the Court finds that Plaintiff's motion should be **granted-in-part as modified and denied-in-**

**part.**

## I.  BACKGROUND

Plaintiff Retractable Technologies, Inc. ("RTI") filed this suit on August 12, 2005,  Dkt.

No. 1, alleging that Defendant Abbott Laboratories, Inc. ("Abbott") breached a contract it entered

into with RTI, the National Marketing and Distribution Agreement ("NMDA").  In particular,

RTI alleges that Abbott  failed to market RTI's products with efforts "at least commensurate with

those used to market and distribute its own products of similar nature and comparable market

potential."  RTI also alleges fraud on the part of Abbott.  This case is on the Court's July 2010

trial docket.  RTI now moves to compel Abbott to respond to two interrogatories served in its

Third Set of Interrogatories to Abbott.  Dkt. No. 113-1.

## II. PARTIES' POSITIONS AND DISCUSSION

### A. Interrogatory No. 1

Interrogatory No. 1 states:

> For the documents produced by Abbott in this litigation at
> Abb0047054 (including the attachments), identify: (1) the date the
> document was created, and (2) the date the document was last
> modified.

Dkt. No. 113-1 at 4.

RTI requests that the Court compel Abbott to answer Interrogatory No. 1 because the

"dates of these documents are relevant because the email sending them is after [RTI] provided

notice that it wanted to terminate the NMDA, but the dates of the attachments predate that notice

of termination."  Dkt. No. 113 at 2.  Abbott responds that it has already answered this

interrogatory and that it "has no information on the date(s) of creation or date(s) of

modification(s) of the specific electronic copies of the documents in question beyond what is

contained in the metadata for those documents, which has already been supplied."  Dkt. No. 134

at 1.  RTI argues that Abbott should be ordered to swear to when the documents were created and

modified.  Dkt. No. 153 at 3.  If Abbott declines, RTI argues, then Abbott should be "precluded

from contesting at trial the accuracy of the metadata [RTI] was provided."  *Id*.  Abbott replies

that RTI is entitled to put on evidence at trial of when documents were created and modified

using metadata produced during discovery and to make arguments and inferences based on that

evidence.  Dkt. No. 165 at 1.  Abbott adds that it should also be entitled to offer evidence

countering RTI's arguments and reject any inferences RTI seeks to draw from the metadata.

RTI's motion to compel seeks to preclude a certain line of argument as a cost for not

responding to an interrogatory.  However, RTI provides no support for its request to have Abbott

"swear to" certain dates of creation/modification.  Abbott has responded that it "has no

information on the date(s) of creation or date(s) of modification(s) of the specific electronic

copies of the documents in question beyond what is contained in the metadata for those

documents[.]" Under the Federal Rules, Abbott's response constitutes a verification that its

response is consistent with the Federal Rules, warranted by existing law, and is complete and

correct as of the time made.  Fed. R. Civ. P. 26(g).  Further, any party responding to discovery,

including Abbott, has a duty to supplement responses in a timely manner if the party learns that

the disclosure or response is incomplete or incorrect in some material respect.  Fed. R. Civ. P.

26(e).  On this record, RTI has not demonstrated a defect in Abbott's response that would

warrant ordering a response as an alternative to forsaking an argument at trial.  Accordingly,

RTI's Motion as to Interrogatory No. 1 is **denied without prejudice.**  If necessary, RTI may

reurge its motion to compel as to Interrogatory No. 1 should additional evidence come to light.

### B. Interrogatory No. 2

Interrogatory No. 2 states:

> For each of the products in the Needlestick Prevention Systems
> product catalog from 1997 to 2005, including the LifeShield
> Prepierced Reseal and CLAVE connector products; the LifeShield,
> Carpujet and Ansyr prefilled syringe products; the ADD-Vantage
> System products; the FirstChoice Premix products; the CLAVE
> products and the CLC2000 needleless catheter patency device
> products, please identify the nature and, if known, resolution of

> product complaints, including but not limited to, an identification
> of the general nature and number of complaints for each product;
> whether adverse event reporting, including Medical Device
> Reports (MDRs), was made for such complaints; and whether any
> corrective or preventative action (CAPA) was taken with regard to
> such complaints.

Dkt. No. 113-1 at 4.

RTI's motion to compel a response to Interrogatory No. 2 mirrors a portion of its Motion to Compel Discovery Responses. *See* Dkt. No. 106 at 7. Abbott maintains that concerns over RTI's products' performance and failure significantly hindered Abbott's efforts under the NMDA. Abbott also asserts counterclaims for alleged breaches of warranty based on these alleged defects. As argued in its sister motion to compel, RTI contends that if defects in RTI's products hindered Abbott's ability to sell those products, then complaints about others' products should have similarly hindered Abbott's efforts to sell those other products. Dkt. No. 113 at 4 According to RTI, Abbott cannot argue that product complaints hindered sales while simultaneously refusing to produce documents relevant to how the same customer base reacted to product problems on other similarly priced NPS products. *Id.*; *see also* Dkt. No. 129 at 3. RTI requests that Abbott identify information related to complaints concerning other products or be precluded from asserting a defense based on complaints of RTI's products and responses to those complaints. Dkt. No. 113 at 4.

Abbott responds that complaints about other Abbott products are irrelevant to the marketing efforts devoted to RTI's products or any other products. Dkt. No. 134 at 2. Abbott adds that any comparisons of RTI complaints should focus on complaints concerning products that compete with RTI's. *Id.*; *see also* Dkt. No. 138 at 1. Abbott also submits that RTI's

interrogatory implicates a "staggeringly broad array of Abbott products." Dkt. No. 134 at 3. According to Abbott, there are hundreds if not thousands of different products listed among Abbott's Needlestick Prevention System products. *Id*. Abbott also argues that the description of materials in Interrogatory No. 2 is unclear and that much of the requested information on product complaints is publicly available. *Id*. at 3-4.

As the Court described in its Order on Plaintiff's Motion to Compel Discovery Responses filed contemporaneously herewith, whether and how complaints affected the marketing efforts of similar products is relevant to issues involved in this case. Therefore, RTI's motion to compel as to this interrogatory should be **granted as modified.** Abbott is ordered to respond to this interrogatory with information related to complaints – filed between May 2, 2000 and June 30, 2005 – concerning safety syringe products sold by Abbott (during the effective period of the NMDA).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel , Dkt. No. 113, is hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

(1)  RTI's Motion to Compel as to Interrogatory No. 1 is hereby **DENIED WITHOUT PREJUDICE.**

(2)  RTI's Motion to Compel as to Interrogatory No. 2 is hereby **GRANTED AS MODIFED**. Abbott is hereby **ORDERED** to respond to Interrogatory No. 2 with information related to complaints – filed between May 2, 2000 and June 30, 2005 – concerning safety syringe products sold by Abbott (during the effective period of the NMDA). Abbott's response to

Interrogatory No. 2 should be provided by June 4, 2010 at 5:00 p.m. CDT.

**IT IS SO ORDERED.**

**SIGNED this 20th day of May, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE